UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRIS HURSH,<br><br>                               Plaintiff,<br><br>            -against-<br><br>JOE APONTE, et al.,<br><br>                               Defendants. | 21-CV-8418 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking federal question jurisdiction under 28 U.S.C. § 1331. He asserts that Defendants violated his rights. By order dated January 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses a complaint form titled "Complaint and Request for Injunction" that he obtained from the United States Courts website. He sues two employees of Cabin Bar, Joe Aponte and Sandra Ortiz; a private investigator named Crissanya Johnson; and a fourth individual named Charles Coller. Plaintiff invokes federal question jurisdiction and asserts that Defendants violated his rights. He claims that Defendants sought evidence against him, hacked his phone and emails, trespassed into his home, and interfered with his counsel. Plaintiff indicates that the events giving rise to his claims occurred at his apartment in Manhattan – which shares the same building address as Cabin Bar – but he does not provide any facts about what any individual defendant did or failed to do that violated his rights.

Plaintiff also submits a proposed order to show cause for a preliminary injunction and temporary restraining order, in which he asserts that Defendants committed a string of violations, including criminal trespass into his apartment, unlawful surveillance, eavesdropping, harassment through electronic devices, stalking, hacking, and filming. He again fails to provide any facts about what occurred.

## DISCUSSION

**A.     Federal question jurisdiction**

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" between the plaintiff and the defendant and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). If a court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P 12(h)(3).

To provide a basis for federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Court's federal question jurisdiction, but the complaint does not set forth any federal claims. Plaintiff sues private individuals, rather than people employed by the government or acting for the government, and any claims that he has against them do not appear to arise under the Constitution or any federal statute. The complaint does not show that the Court has federal question jurisdiction of this action.[1]

**B.      Failure to state a claim**

Even if the Court had jurisdiction to consider Plaintiff's claims, he fails to satisfy federal pleading rules. He does not provide a short and plain statement showing that he is entitled to relief, as required by Rule 8, or include any facts suggesting that any defendant violated his federal rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff's complaint contains no facts about what occurred or how the defendants or any other person allegedly violated his rights. As Plaintiff fails to articulate a viable legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Leave to amend.**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[1] Plaintiff does not invoke the Court's diversity jurisdiction. Based on the information he provides in the complaint, he fails to demonstrate that he and all the defendants are citizens of different states and that complete diversity exists. Plaintiff alleges that he resides at the same Manhattan address as Cabin Bar, and he provides the same address for each of the defendants. Because Plaintiff indicates that he and all of the defendants are citizens of New York, diversity of citizenship does not exist between the parties, precluding diversity jurisdiction. Further, Plaintiff alleges no facts suggesting that the amount in controversy exceeds $75,000.00, the statutory amount necessary for diversity jurisdiction.

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also denies Plaintiff's request for injunctive relief. The Clerk of Court is directed to terminate all other pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to mail a copy of this order to Plaintiff, and note service on the docket.

SO ORDERED.

Dated:   January 10, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge